UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YANDER LAMEDA and
KAYLA BASTEIRO,

    Plaintiffs,

v.

ANTOJITOS NAVIDENOS, LLC,
a Florida Limited Liability Company;
and ORQUIDEA VELEZ CARDONA,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, YANDER LAMEDA ("Lameda") and KAYLA BASTEIRO ("Basteiro") (hereinafter collectively referred to as "Plaintiffs"), by and through the undersigned counsel, hereby sue Defendants, ANTOJITOS NAVIDENOS, LLC ("Antojitos") and ORQUIDEA VELEZ CARDONA ("Orquidea") (hereinafter, collectively referred to as "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. This is an action by the Plaintiffs to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### JURISDICTION AND VENUE

2. Plaintiff Lameda is a resident and citizen of Polk County, Florida.

3. Plaintiff Basteiro is a resident and citizen of Polk County, Florida.

1

4. At all times relevant hereto, Plaintiffs both worked for Defendants out of Defendants' business location in Lakeland, Florida during the relevant period of this action and within the statute of limitations applicable to the instant claims.

5. Defendant Antojitos is a Florida Limited Liability Company.

6. Antojitos has a principal place of business located in Polk County, Florida.

7. Defendant Orquidea, at all times relevant hereto, was and is a citizen of Florida.

8. This Court has jurisdiction over the Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216.

9. This Court has original jurisdiction over the Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this Court as the acts and omissions giving rise to the causes of action alleged herein accrued in Polk County, Florida, within the jurisdiction of this Honorable Court, where, at all times relevant, Plaintiffs worked for Defendants.

**PARTIES and COVERAGE**

11. Plaintiffs are both former employees of Defendants.

12. At all times relevant hereto, Plaintiff Lameda was Defendants' "employee" within the meanings of the FLSA.

13. At all times relevant hereto, Plaintiff Basteiro was Defendants' "employee" within the meanings of the FLSA.

14. At all times relevant hereto, both of the Plaintiffs' employments with Defendants were covered under the FLSA.

15. At all times relevant hereto, Defendant Antojitos was the Plaintiffs' "employer" within the meanings of the FLSA.

16. At all times material hereto, Defendant Orquidea was the Plaintiffs' "employer" within the meanings of the FLSA.

17. Defendant Antojitos, at all times relevant hereto, was and is an enterprise engaged in interstate commerce within the meaning of the FLSA.

18. Upon information and belief, at all times relevant hereto, Defendants' gross annual volume of sales is/was in excess of $500,000.

19. Defendants, at all times relevant hereto, had two or more employees handling, selling, or otherwise working on/with goods or materials that had been moved in or produced for interstate commerce, including but not limited to food, computers, phones, kitchen equipment, and other goods or materials associated with the performance of their regular duties.

20. Defendant Orquidea, at all times relevant hereto, was and is the owner and corporate officer of Defendant Antojitos.

21. At all times relevant hereto, Defendant Orquidea exercised operational

control over the day-to-day business activities of Defendant Antojitos with respect to its employees, including the Plaintiffs.

22. At all times relevant hereto, Defendant Orquidea exercised operational control over the day-to-day business activities of Defendant Antojitos with respect to its employees, including the Plaintiffs, by among other means, making hiring decisions, setting Plaintiffs' rates of pay, and creating and enforcing pay policies and practices with respect to Plaintiffs and Defendants' other employees.

23. At all times relevant hereto, Plaintiffs were "engaged in commerce" and/or "the production of goods for commerce" and were subject to individual coverage of the FLSA.

## GENERAL FACTUAL ALLEGATIONS

24. At all times relevant hereto, Lameda was employed by Defendants to perform work as an FLSA non-exempt cook at Defendants' place of business in Polk County.

25. At all times relevant hereto, Basteiro was employed by Defendants to perform work as an FLSA non-exempt server at Defendants' place of business in Polk County.

26. Lameda was employed by Defendants as a non-exempt cook from on or about November 2022 through August 2024.

27. Basteiro was employed by Defendants as a non-exempt server from

on or about November 2022 through August 2024.

28. At the start of Lameda's employment with Defendants, his starting rate of pay was $12 per hour.

29. Plaintiff Lameda's hourly rate of pay increased during his employment with Defendants, and his final hourly rate of pay was set at $18 per hour as of around June 2024.

30. To the extent that Defendants paid Plaintiff Basteiro any amount for her hours worked, they did so at a sub-minimum wage rate, utilizing Florida's tip-credit.

31. Employers of tipped employees in Florida, who meet eligibility requirements for the tip credit under the FLSA, may credit towards satisfaction of the minimum wage tips up to the amount of the allowable FLSA tip credit as of 2003 ($3.02). Art. X, § 24(c), Fla. Const.

32. A "tipped employee" is defined as "any employee engaged in an occupation in which he or she customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

33. Defendants must pay their tipped employees, such as Plaintiff Basteiro, a direct wage and establish that, in each workweek, the direct wage paid to tipped employees for each hour worked is at least equal to Florida's applicable minimum wage minus the 2003 tip credit of $3.02.

34. At all times relevant hereto, the Plaintiffs each regularly worked an average of five (5) or six (6) days per week, and between approximately fifty (50) and sixty (60) hours per week, sometimes more.

35. During their employments with Defendants, Plaintiffs clocked in and out for their shifts through Defendants' POS system.

## Overtime Violations

36. At all times material hereto, the Plaintiffs each consistently worked in excess of forty (40) hours in a workweek, as alleged above.

37. At all times relevant hereto, Defendants were on notice of and/or had full knowledge of all hours worked by the Plaintiffs, including all hours worked in excess of forty (40) hours in a workweek.

38. To the extent that Defendants compensated Plaintiffs for their hours worked, they consistently did so at each of the Plaintiffs' "straight time" rates, without any additional premium compensation for Plaintiffs' hours worked above forty (40) in a workweek.

39. Defendants' failure to compensate Plaintiffs at least at a rate of one and one-half times their regular rates of pay for all overtime hours worked violated the overtime provisions of the FLSA.

40. Defendants have acted willfully in failing to properly pay Plaintiffs their overtime compensation in accordance with the FLSA

**Minimum Wage Violations**

41. During the last approximately three (3) to four (4) weeks of Plaintiff Lameda's employment, Defendants failed to pay Lameda any wages at all for his hours worked.

42. During the last approximately four (4) to five (5) weeks of Plaintiff Basteiro's employment, Defendants failed to pay Basteiro any wages at all for her hours worked.

43. During the weeks from around July 22, 2024 through the end of her employment with Defendants, and during the relevant period of this action, by failing to pay Plaintiff Basteiro any direct wages for her hours worked, Defendants failed to satisfy the requirements to take a tip credit for Plaintiff Basteiro, and thus were not entitled to take the tip credit with respect to her wages during this period.

44. Because Defendants failed satisfy the requisite elements to be entitled to take the tip credit with respect to Basteiro during the workweeks referenced above, Basteiro is owed at least Florida's applicable minimum wage rate for all hours worked during the relevant workweeks at the end of her employment.

45. During the relevant workweeks referenced above when Defendants failed to credit and compensate Plaintiffs for their hours worked, Plaintiffs were entitled to be paid at least Florida's applicable minimum wage rate for all their hours worked.

46. During the relevant workweeks referenced above when Defendants failed to credit and compensate Plaintiffs with any direct wages for their hours worked, the applicable minimum wage rate was $12.00 per hour.[1]

47. At all times relevant hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiffs, including their hours worked in the workweeks referenced above, during which Defendants failed to credit or compensate Plaintiffs for any of their hours worked.

48. Defendants violated the minimum wage provisions of the FLSA by failing to credit and compensate Plaintiffs at least at Florida's applicable minimum wage rate for their hours worked during the workweeks referenced above.

49. Defendants have acted willfully in failing to properly pay Plaintiffs their minimum wages in accordance with the FLSA.

## COUNT I
## FLSA OVERTIME VIOLATIONS

50. Plaintiffs reincorporate, re-aver, and re-adopt all allegations contained within Paragraphs 1-40 of this Complaint, as if fully set forth herein.

51. This action is brought by the Plaintiffs to recover from Defendants unpaid overtime wage compensation, as well as an additional amount as liquidated

---

[1] 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.")

damages, costs, and reasonable attorney's fees under the FLSA.

52. At all relevant times, Plaintiffs were non-exempt employees of Defendants, as defined by Section 203(e) of the FLSA. 29 U.S.C. § 203(e)(1).

53. At all times relevant hereto, Defendants are and were "employers" within the meaning of Section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

54. Upon information and belief, at all times relevant hereto, Defendants had gross annual sales in excess of $500,000.00.

55. At all times relevant hereto, Defendants operated an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s) of the FLSA. 29 U.S.C. § 203(s).

56. Defendants failed to compensate Plaintiffs at a rate of at least at one and one-half times their regular rates of pay for all overtime hours worked each week during the relevant period of this action.

57. By failing to pay Plaintiffs at a rate no less than one and one-half times their regular rates of pay for all overtime hours worked, Defendants have violated, and continue to violate, Section 207 of the FLSA. 29 U.S.C. § 207.

58. Plaintiffs seek to recover unpaid overtime wages under the FLSA accumulated from the date of hire and/or from three (3) years from the date of the

filing of the Complaint in this action.

59. Defendants knew that they were required to, at minimum, pay their employees, including Plaintiffs, one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek, but acted with reckless disregard to their requirements under the law.

60. As a result of Defendants' intentional, willful, and unlawful acts in refusing to properly pay Plaintiffs overtime wage compensation for all their hours worked over forty (40) hours in a workweek, Plaintiffs have suffered damages, including the cost of filing the instant action.

61. Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages, as required by the Fair Labor Standards Act, and remain owing Plaintiffs these unpaid wages since the commencement of the Plaintiffs' employments with Defendants and/or from three (3) years from the date of the filing of the Complaint in this action, as set forth above.

62. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to recover the full amount of unpaid back wages, plus the same amount as liquidated damages, as well as an award of reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiffs seek an entry of a judgment against Defendants that they have violated the FLSA and have done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights; to be awarded the full amount of actual

damages shown to be due for unpaid overtime compensation for Plaintiffs' hours worked in excess of forty per week, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid overtime compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT II
## FLSA MINIMUM WAGE VIOLATIONS

63. Plaintiffs reincorporate, re-aver, and re-adopt all allegations contained within Paragraphs 1-35, 41-49 of this Complaint, as if fully set forth herein.

64. This cause of action is brought by Plaintiffs to recover from Defendants unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the FLSA.

65. At all times relevant hereto, Plaintiffs were non-exempt employees of Defendants, as defined by Section 203(e) of the FLSA. 29 U.S.C. § 203(e)(1).

66. At all times relevant hereto, Defendants are and were "employers" within the meaning of Section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

67. Upon information and belief, at all times relevant hereto, Defendants

had gross annual sales in excess of $500,000.00.

68. At all times relevant hereto, Defendants operated an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s) of the FLSA. 29 U.S.C. § 203(s).

69. As alleged herein, during the last approximately three (3) to four (4) weeks of Plaintiff Lameda's employment, Defendants failed to pay Lameda any wages at all for his hours worked.

70. As alleged herein, during the last approximately four (4) to five (5) weeks of Plaintiff Basteiro's employment, Defendants failed to pay Basteiro any wages at all for her hours worked.

71. By failing to credit and pay Plaintiffs the statutorily mandated minimum wage for all hours worked during their relevant periods of employment, Defendants have violated, and continue to violate, section 206 of the FLSA. 29 U.S.C. § 206.

72. Plaintiffs seek to recover unpaid minimum wages under the FLSA accumulated from the date of hire and/or from three (3) years from the date of the filing of the Complaint in this action.

73. Defendants knew that they were required to, at minimum, pay their employees, including Plaintiffs, Florida's applicable minimum wage for all hours worked, but acted with reckless disregard to their requirements under the law.

74. As a result of Defendants' intentional, willful, and unlawful acts in refusing to properly pay Plaintiffs minimum wage compensation for their hours worked during the relevant periods of this action, Plaintiffs have suffered damages, including the cost of filing the instant action.

75. Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of minimum wages, as required by the Fair Labor Standards Act, and remain owing Plaintiffs these unpaid wages since the commencement of their employments with Defendants and/or from three (3) years from the date of the filing of the Complaint in this action, as set forth above.

76. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to recover the full amount of unpaid back wages, plus the same amount as liquidated damages, as well as an award of reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiffs seek an entry of a judgment against Defendants that they have violated the FLSA and have done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum wage compensation for Plaintiffs' hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable

relief this Honorable Court deems just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

The Plaintiffs demand a trial by jury on all issues so triable.

Dated: November 4, 2025             Respectfully submitted by:

*/s/ Corey L. Seldin*
Corey L. Seldin, Esq.
Fla Bar No. 1026565
**MORGAN & MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
Phone: (954) 807-7765
Email: cseldin@forthepeople.com
*Counsel for Plaintiff*